# Exhibit E

File Copy



# CERTIFICATE OF INCORPORATION
# OF A PRIVATE LIMITED COMPANY

Company No. 5125549

The Registrar of Companies for England and Wales hereby certifies that

FACTOR EUROPE (UK) LIMITED

is this day incorporated under the Companies Act 1985 as a private company and that the company is limited.

Given at Companies House, Cardiff, the 11th May 2004



N05125549W



THE OFFICIAL SEAL OF THE
REGISTRAR OF COMPANIES



*Companies House*
— *for the record* —

The above information was communicated in non-legible form and authenticated by the Registrar of Companies under section 710A of the Companies Act 1985



**Companies House**
— *for the record* —

Electronic statement of compliance with requirements on application for registration of a company pursuant to section 12(3A) of the Companies Act 1985

| | |
|---|---|
| Company number | 5125549 |
| Company name | FACTOR EUROPE (UK) LIMITED |
| I, | PETER JOHANSSON |
| of | SUITE 26<br>28 OLD BROMPTON ROAD<br>LONDON<br>UNITED KINGDOM<br>SW7 3SS |
| a | person named as a director of the company in the statement delivered to the registrar of companies under section 10(2) of the Companies Act 1985 |

make the following statement of compliance in pursuance of section 12(3A) of the Companies Act 1985

Statement: I hereby state that all the requirements of the Companies Act 1985 in respect of the registration of the above company and of matters precedent and incidental to it have been complied with.

Confirmation of electronic delivery of information

This statement of compliance was delivered to the registrar of companies electronically and authenticated in accordance with the registrar's direction under section 707B of the Companies Act 1985.

WARNING: The making of a false statement could result in liability to criminal prosecution



## Companies House
— for the record —

# 10(ef)

**First directors and secretary and intended situation of registered office**



XTA3GV0E

*Received for filing in Electronic Format on the:* **11/05/2004**

| | |
|---|---|
| *Company Name in full:* | **FACTOR EUROPE (UK) LIMITED** |
| *Proposed Registered Office:* | **SUITE 26**<br>**28 OLD BROMPTON ROAD**<br>**LONDON**<br>**KENSINGTON**<br>**ENGLAND**<br>**SW7 3SS** |

*memorandum delivered by an agent for the subscriber(s):*  **No**

### *Company Secretary*

| | |
|---|---|
| *Style/Title:* | **MRS** |
| Name | **ZAZA JOHANSSON MUNTHER** |
| *Address:* | **SUITE 26**<br>**28 OLD BROMPTON ROAD**<br>**LONDON**<br>**UNITED KINGDOM**<br>**SW7 3SS** |

*Consented to Act:* **Y**     *Date authorised* **11/05/2004**     *Authenticated:* **Y**

---

*Electronically Filed Document for Company number:* **5125549**         *Page:* 1

## Director 1:

| | |
|---|---|
| *Style/Title:* | **MR** |
| *Name* | **PETER JOHANSSON** |
| *Address:* | **SUITE 26** |
| | **28 OLD BROMPTON ROAD** |
| | **LONDON** |
| | **UNITED KINGDOM** |
| | **SW7 3SS** |
| *Nationality:* | **SWEDISH** |
| *Business occupation:* | **CONSULTANT** |
| *Date of birth:* | **18/01/1968** |

*Consented to Act:* **Y**     *Date authorised* **11/05/2004**     *Authenticated:* **Y**

## Authorisation

*Authoriser Designation:* **SUBSCRIBER**   *Date Authorised:* **11/05/2004**   *Authenticated:* **Yes**

*End of Electronically Filed Document for Company number: 5125549*         *Page: 2*

The Companies Act 1985

(As amended by the Companies Act 1989)


Private Company Limited by Shares

MEMORANDUM OF ASSOCIATION
OF

FACTOR EUROPE (UK) LIMITED


1. The name of the Company is;
   FACTOR EUROPE (UK) LIMITED.

2. The registered office of the Company will be situated in
   England & Wales

3. The objects of which the Company is established are:-

   (A) To carry on business as a general commercial company.

   (B) To carry on any other trade or business which can, in the
       opinion of the Board of Directors, be advantageously carried on
       by the Company.

   (C) To acquire by purchase, lease, exchange, hire or otherwise,
       hold for any estate or interest, any land, buildings, easement,
       rights, privileges, concessions, patents, patent rights,
       licences, secret processes, trade marks, designs, machinery,
       plant, stock-in-trade and any real or personal property of any
       kind necessary or convenient for the purposes of or in
       connection with the Company's business.

   (D) To erect, alter or maintain any buildings, plant and machinery
       necessary or convenient for the Company's business and to
       contribute to or subsidise the erection, construction and
       maintenance of any of the above.

   (E) To acquire by subscription or otherwise and hold, sell, deal
       with or dispose of any shares, stock, debentures, debenture
       stocks, or other securities of any kind whatsoever, guaranteed
       by any company constituted or carrying on business in any part
       of the world and debentures, debenture stock and other
       securities of any kind guaranteed by any government or
       authority, municipal, local or otherwise whether at home or

abroad, and to subscribe for the same either conditionally or otherwise and to guarantee the subscription thereof and to exercise and enforce all rights and powers conferred by the ownership thereof.

(F) To borrow or receive money on deposit either without security or secured by debentures, debenture stock (perpetual or terminable), mortgage or other security charged on the undertaking or on all or any of the assets of the Company including uncalled capital, and generally to act as bankers.

(G) To guarantee support and/or secure either with or without consideration the payment of any debentures, debenture stock, bonds, mortgages, charges, obligations, interest, dividends, securities, monies or shares or the performance of contracts or engagements of any company or person and in particular (but without prejudice to the generality of the foregoing) of any company which is, for the time being the Company's holding company as defined by Sections 736 and 736(A) of the Companies Act 1985 as amended by the Companies Act 1989 or another subsidiary, as defined by the said section of the Company's holding company or otherwise associated with the Company in business and to give indemnities and guarantees of all kinds and by way of security as aforesaid either with or without consideration to mortgage and charge the undertaking and all or any of the real and personal property and assets present or future, to issue debentures and debenture stock and collateral or further to secure any securities of the Company by a trust deed or other assurance and to enter into partnership or any joint purse arrangement with any person, persons, firm or company.

(H) To lend money with or without security and to invest money of the Company upon such terms as the Company may approve and to guarantee the dividends, interest and capital of the shares, stocks, or securities of any company of or in which this Company is a member or is otherwise interested, and generally as the directors think fit.

(I) To apply for, purchase or otherwise acquire and hold or use any patents, licences, concessions, copyrights and the like, conferring any right to use or publish any secret or other information and to use, exercise, develop or grant licences in respect of the property rights, information so acquired

(J) To take part in the formation, management, supervision or control of the business or operation of any company or undertaking and for that purpose to appoint and remunerate any directors, accountants, consultants, experts or agents

(K)   To employ experts, consultants and valuers to investigate and examine into the condition, prospects, value, character and circumstances of any business concerns and undertakings and generally of any assets, property or rights

(L)   To establish or promote or concur in establishing or promoting any other company whose objects shall include the acquisition or taking over of all or any of the assets or liabilities of this company or the promotion of which shall be in any manner calculated to advance directly or indirectly the objects or the interests of this Company and to acquire, hold, dispose of shares, stocks or securities issued by or any other obligations of any such company.

(M)   To draw, accept and negotiate promissory notes bills of exchange and other negotiable instruments.

(N)   To invest and deal with the monies of the Company not immediately required for the purposes of the business of the Company in or upon such investments and in such manner as the Company may approve.

(O)   To pay for any property or rights acquired by the Company either in cash or fully or partly paid up shares, with or without preferred or deferred or special rights or restrictions in respect of dividend repayment of capital, voting or otherwise, or by any securities which the company has power to issue, or partly in one mode and partly in another, and generally on such terms as the Company may determine.

(P)   To accept payment for any property or rights sold or otherwise disposed of or dealt with by the Company, either in cash, by instalments or otherwise, or in fully or partly paid-up shares, or stock of the Company or corporation, with or without preferred or deferred or special rights or restrictions in respect of dividend, repayment of capital, voting or otherwise, or in debentures or mortgages or other securities of any company or corporation or partly in one mode and partly in another, and generally on such terms as the Company may determine, and to hold, dispose of or otherwise deal with any shares, stock or securities so acquired

(Q)   To enter into arrangements for joint working in business or amalgamate with or enter into any partnership or arrangement for sharing profits, union of interests, reciprocal concession or co-operation with any company, firm or person carrying on or proposing to carry on any business within the objects of this

Company or which is capable of being carried on so as directly or indirectly to benefit this Company.

(R)  To purchase or otherwise acquire, take over and undertake all or any part of the business, property, liabilities and transactions of any person, firm or company carrying on any business the carrying on of which is calculated to benefit this Company or to advance its interests, or possessed of property suitable for the purposes of the Company.

(S)  To sell, improve, manage, develop, turn to account, exchange, let on rent, royalty, share of profits or otherwise, grant licences easements and other rights in or over, and in any other manner deal with or dispose of the undertaking and all or any of the property and assets for the time being of the Company for such consideration as the Company may think fit.

(T)  To provide for the welfare of persons employed or formerly employed by the Company and to grant pensions, allowances, gratuities and bonuses to officers or ex-officers, employees or ex-employees of the Company or its predecessors in business or the dependants of such persons and to establish and maintain or concur in maintaining trusts, funds or schemes, (whether contributory or non-contributory) with a view to providing pensions or other funds for any such persons as aforesaid or their dependants.

(U)  To distribute in specie assets of the Company property distributable amongst the members, but so that no distribution amounting to a reduction of capital be made except with the sanction (if any) for the time being required by law.

(V)  To do all or any of the things hereinabove authorised, in any part of the world, either alone or in conjunction with others, or as factors, trustees or agents for others, or by or through factors trustees or agents.

(W)  To do all such other things as are incidental to or which the Company may think conducive with the above objects or any of them.

The objects set forth in any sub-clause shall not be restrictively construed but the widest interpretation shall be given thereto, and they shall not, except when the context expressly so requires, be in any way limited to or restricted by reference to or inference to any other object or objects set forth in such sub-clause or from the terms of any other sub-clause or by the name of the Company. None of such sub-clauses or the object or objects therein specified or the powers to be conferred shall be deemed subsidiary or ancillary to the objects or powers mentioned in any other sub-clause, but the Company

shall have full power to exercise all or any of the powers and to achieve or to endeavour to achieve all or any of the objects conferred by and provided in any one or more of the said sub-clauses.

4.     The liability of the members is limited.

5.     The share capital of the Company is 1000 GBP divided into 1000 Ordinary shares of 1.00 GBP each.

I, the subscriber to this Memorandum of Association wish to be formed into a Company pursuant to this Memorandum; and I agree to take the number of shares shown opposite my respective name.

Name and address of subscriber.  Number of shares taken by the subscriber

PETER   JOHANSSON - 1000
SUITE 26
28 OLD BROMPTON ROAD
LONDON
SW7 3SS

Dated: Tuesday 11th May 2004

The Companies Act 1985

(As amended by the Companies Act 1989)


Private Company Limited by Shares

ARTICLES OF ASSOCIATION
OF

FACTOR EUROPE (UK) LIMITED


PRELIMINARY

1.   (a)   The regulations contained in Table A in the Schedule to the Companies (Tables A to F) Regulations 1985 (SI 1985 No. 805) as amended by the Companies (Tables A to F) (Amendment) Regulations 1985 (SI 1985 No. 1052) and as further amended by the Companies Act 1985 (Electronic Communications) Order 2000 (SI 2000 No. 3373) (such Table being hereinafter called "Table A") shall apply to the Company save in so far as they are excluded or varied hereby and such regulations (save as so excluded or varied) and the Articles hereinafter contained shall be the Articles of Association of the Company.

     (b)   In these Articles the expression "the Act" means the Companies Act 1985, but so that any reference in these Articles to any provision of the Act shall be deemed to include a reference to any statutory modification or re-enactment of that provision for the time being in force.

2.   Pursuant to The Companies (Single Member Private Limited Companies) Regulations 1992 the Company may be registered as a company having only one member or subsequently become so after incorporation. Whenever there shall be only one member of the Company such member may act alone in exercising all the powers, discretions and authorities vested in the members. If the Company either becomes a company with only one member having been registered with more than one or becomes a company with more than one member having been registered with only one it shall insert a statement to the appropriate effect in the Register of Members and the date of the occurrence in accordance with Section 352A of the Act.


ALLOTMENT OF SHARES

3.   Shares which are comprised in the authorised share capital with which the Company is incorporated shall be under the control of the directors

who may (subject to section 80 of the Act and to Article 6 below) allot, grant options over or otherwise dispose of the same, to such persons, on such terms and in such manner as they think fit.

4. All shares which are not comprised in the authorised share capital with which the Company is incorporated and which the directors propose to issue shall first be offered to the members in proportion as nearly as may be to the number of the existing shares held by them respectively unless the Company in general meeting shall by special resolution otherwise direct. The offer shall be made by notice specifying the number of shares offered, and limiting a period (not being less than 14 days) within which the offer, if not accepted, will be deemed to be declined. After the expiration of that period, those shares so deemed to be declined shall be offered in the proportion aforesaid to the persons who have, within the said period, accepted all the shares offered to them; such further offer shall be made in like terms in the same manner and limited by a like period as the original offer. Any shares not accepted pursuant to such offer or further offer as aforesaid or not capable of being offered as aforesaid except by way of fractions and any shares released from the provisions of this Article by any such special resolution as aforesaid shall be under the control of the directors, who may allot, grant options over or otherwise dispose of the same to such persons, on such terms, and in such manner as they think fit, provided that, in the case of shares not accepted as aforesaid, such shares shall not be disposed of on terms which are more favorable to the subscribers therefor than the terms on which they were offered to the members. The foregoing provisions of this Article 4 shall have effect subject to section 80 of the Act.

5. In accordance with section 91(1) of the Act sections 89(1) and 90(1) to (6) (inclusive) of the Act shall not apply to the Company.

6. The directors are generally and unconditionally authorised for the purposes of section 80 of the Act to exercise any power of the Company to allot and grant rights to subscribe for or convert securities into shares of the Company up to the amount of the authorised share capital with which the Company is incorporated at any time or times during the period of five years from the date of incorporation and the directors may, after that period, allot any shares or grant any such rights under this authority in pursuance of an offer or agreement so to do made by the Company within that period. The authority hereby given may at any time (subject to the said section 80) be renewed, revoked or varied by ordinary resolution.

**SHARES**

7. The lien conferred by regulation 8 in Table A shall attach also to fully paid-up shares, and the Company shall also have a first and paramount lien on all shares, whether fully paid or not, standing registered in

the name of any person indebted or under liability to the Company, whether he shall be the sole registered holder thereof or shall be one of two or more joint holders, for all moneys presently payable by him or his estate to the Company. Regulation 8 in Table A shall be modified accordingly.

8. The liability of any member in default in respect of a call shall be increased by the addition at the end of the first sentence of regulation 18 in Table A of the words \'\'and all expenses that may have been incurred by the Company by reason of such non-payment.

GENERAL MEETINGS AND RESOLUTIONS

9. Every notice convening a general meeting shall comply with the provisions of section 372(3) of the Act as to giving information to members in regard to their right to appoint proxies; and notices of and other communications relating to any general meeting which any member is entitled to receive hall be sent to the directors and to the auditors for the time being of the Company.

10. (a) No business shall be transacted at any general meeting unless a quorum is present. Subject to Article 10 (b) below, two persons entitled to vote upon the business to be transacted, each being a member or a proxy for a member or a duly authorised representative of a corporation, shall be a quorum.

    (b) If and for so long as the Company has only one member, that member present in person or by proxy or (if that member is a corporation) by a duly authorised representative shall be a quorum.

    (c) If a quorum is not present within half an hour from the time appointed for a general meeting the general meeting shall stand adjourned to the same day in the next week at the same time and place or to such other day and at such other time and place as the directors may determine; and if at the adjourned general meeting a quorum is not present within half an hour from the time appointed therefore such adjourned general meeting shall be dissolved.

    (d) Regulations 40 and 41 in Table A shall not apply to the Company.

11. (a) If and for so long as the Company has only one member and that member takes any decision which is required to be taken in general meeting or by means of a written resolution, that decision shall be as valid and effectual as if agreed by the Company in general meeting, subject as provided in Article 11 (c) below.

    (b)    Any decision taken by a sole member pursuant to Article 11 (a) above shall be recorded in writing and delivered by that member to the Company for entry in the Company\'s minute book.

    (c)    Resolutions under section 303 of the Act for the removal of a director before the expiration of his period of office and under section 391 of the Act for the removal of an auditor before the expiration of his period of office shall only be considered by the Company in general meeting.

12.    A member present at a meeting by proxy shall be entitled to speak at the meeting and shall be entitled to one vote on a show of hands. In any case where the same person is appointed proxy for more than one member he shall on a show of hands have as many votes as the number of members for whom he is proxy. Regulation 54 in Table A shall be modified accordingly.

13.    Unless resolved by ordinary resolution that regulation 62 in Table A shall apply without modification, the instrument appointing a proxy and any authority under which it is executed or a copy of such authority certified notarially or in some other way approved by the directors may be deposited at the place specified in regulation 62 in Table A up to the commencement of the meeting or (in any case where a poll is taken otherwise than at the meeting) of the taking of the poll or may be handed to the chairman of the meeting prior to the commencement of the business of the meeting.

APPOINTMENT OF DIRECTORS

14.    (a)    Unless and until otherwise determined by the Company in General Meeting there shall be no maximum number of Directors and the minimum number of Directors shall be one. Whenever there shall be only one Director of the Company such Director may act alone in exercising all the powers, discretion and authorities vested in the Directors, and Regulation 89 of Table A shall be modified accordingly.

    (b)    Regulation 64 of Table A shall not apply to the Company.

15.    The Directors shall not be required to retire by rotation and Regulation 73 to 80 (inclusive) of Table A shall not apply to the Company.

16.    No person shall be appointed a Director at any General Meeting unless either:-

    (a)    he is recommended by the Directors; or

(b)   not less than fourteen nor more than thirty-five clear days before the date appointed for the General Meeting, notice executed by a Member qualified to vote at the General Meeting has been given to the Company of the intention to propose that person for appointment, together with notice executed by that person of his willingness to be appointed.

17. (a) Subject to Article 16 above, the Company may be Ordinary Resolution in General Meeting appoint any person who is willing to act to be a Director, either to fill a vacancy or as an additional Director.

(b) The Directors may appoint a person who is willing to act to be a Director, either to fill a vacancy or as an additional Director, provided that the appointment does not cause the number of Directors to exceed any number determined by the Company in General Meeting as the maximum number of Directors for the time being in force.

18. In any case where as the result of death or deaths the Company has no members and no directors the personal representatives of the last member to have died shall have the right by notice in writing to appoint a person to be a director of the Company and such appointment shall be as effective as if made by the Company in General Meeting pursuant to Article 16 (b) above. For the purpose of this Article, where two or more members die in circumstances rendering it uncertain which of them survived the other or others, the members shall be deemed to have died in order of seniority, and accordingly the younger shall be deemed to have survived the elder.

PROCEEDINGS OF DIRECTORS

19. Notice of a meeting of the Directors shall be deemed to be properly given to a Director if it is given to him personally or by word of mouth or sent in writing to him at his last known address or any other address given by him to the Company for this purpose, or by any other means authorised in writing by the Director concerned. A Director absent or intending to be absent from the United Kingdom may request the Directors that notices of meetings of the Directors shall during his absence by sent in writing to him at an address or to a facsimile number given by him to the Company for this purpose, but if no request is made to the Directors it shall not be necessary to give notice of a meeting of the Directors to any Director who is for the time being absent from the United Kingdom. A Director may waive notice of any meeting either retrospectively or prospectively. Regulation 88 of Table A shall be modified accordingly.

20. The chairman shall not, in the event of an equality of votes at any

general meeting of the Company or at any meeting of the directors or of a committee of directors, have a second or casting vote. Regulation 50 in Table A shall not apply to the Company, and regulations 88 and 72 in Table A shall be modified accordingly.

21. All or any of the members of the Board or any committee of the Board may participate in a meeting of the Board or that committee by means of a conference telephone or any communication equipment which allows all persons participating in the meeting (whether in person or by his alternate or by means of such type of communication device) to hear each other. A person so participating shall be deemed to be present in person at the meeting and shall be entitled to vote or be counted in a quorum accordingly. Such a meeting shall be deemed to take place where the largest of the group of those participating is assembled, or, if there is no such group where the chairman of the meeting then is.

22. (a) A Director who is in any way either directly or indirectly interested (whether through persons connected with him as defined in Section 346 of the Act or otherwise) in any contract, transaction or arrangement (whether or not constituting a contract and whether actual or proposed) with the company or in which the Company is otherwise interested, shall declare the nature of his interest at a Meeting of the Directors in accordance with Section 317 of the Act. Subject to such disclosure a Director shall be entitled to vote in respect of any such contract, transaction or arrangement (whether actual or proposed) in which he is interested and he shall be counted in reckoning whether a quorum is present.

   (b) Regulations 94 to 97 (inclusive) of Table A shall not apply to the Company.

**MEETINGS**

23. (a) In this Article "communication" and "electronic communication" shall bear the meanings set forth in the Electronic Communications Act 2000 or any statutory modification or re-enactment thereof.

   (b) A person in electronic communication with the chairman and with all other parties to a meeting of the directors or of a committee of the directors shall be regarded for all purposes as personally attending such a meeting provided that but only for so long as at such a meeting he has the ability to communicate interactively and simultaneously with all other parties attending the meeting including all persons attending by way of electronic communication.

    (c)    A meeting at which one or more of the directors attends by way of electronic communication is deemed to be held at such place as the directors shall at the said meeting resolve. In the absence of a resolution as aforesaid, the meeting shall be deemed to be held at the place, if any, where a majority of the directors attending the meeting are physically present, or in default of such a majority, the place at which the chairman of the meeting is physically present.

BORROWING POWERS

24.    The directors may exercise all the powers of the Company to borrow money without limit as to amount and upon such terms and in such manner as they think fit, and subject (in the case of any security convertible into shares) to section 80 of the Act to grant any mortgage, charge or standard security over its undertaking, property and uncalled capital, or any part thereof, and to issue debentures, debenture stock, and other securities whether outright or as security for any debt, liability or obligation of the Company or of any third party.

DISQUALIFICATION OF DIRECTORS

25.    The office of a Director shall be vacated if he becomes incapable by reason of illness or injury of managing and administering his property and affairs and Regulation 81 of Table A shall be modified accordingly.

ALTERNATE DIRECTORS

26.    Unless otherwise determined by the Company in general meeting by ordinary resolution an alternate director shall not be entitled as such to receive any remuneration from the Company, save that he may be paid by the Company such part (if any) of the remuneration otherwise payable to his appointor as such appointor may by notice in writing to the Company from time to time direct, and the first sentence of regulation 66 in Table A shall be modified accordingly.

27.    A director, or any such other person as is mentioned in regulation 65 in Table A, may act as an alternate director to represent more than one director, and an alternate director shall be entitled at any meeting of the directors or of any committee of the directors to one vote for every director whom he represents in addition to his own vote (if any) as a director, but he shall count as only one for the purpose of determining whether a quorum is present.

GRATUITIES AND PENSION

28.     The directors may exercise the powers of the Company conferred by its Memorandum of Association in relation to the payment of pensions, gratuities and other benefits and shall be entitled to retain any benefits received by them or any of them by reason of the exercise of any such powers.

29.     Regulation 87 in Table A shall not apply to the Company.

DIVIDENDS

30.     No dividend or interim dividend shall be paid otherwise than in accordance with the provisions of Part VIII of the Act which apply to the Company.

NOTICES

31.     (a)     Any notice or other document may be served on or delivered to any Member by the Company either personally, or be sending it by post addressed to the Member at his registered address or by facsimile transmission or other instantaneous means of transmission to a number provided by the Member for this purpose, or by leaving it at his registered address addressed to the Member, or by any other means authorised in writing by the Member concerned. In the case of joint holders of a share, service of delivery of any notice or other document on or to one of the joint holders shall for all purposes be deemed a sufficient service on or delivery to all the joint holders. Regulation 112 of Table A shall be modified accordingly.

        (b)     Any notice or other document which is sent by post, shall be deemed to have been served or delivered 24 hours after posting and, in proving such service or delivery, it shall be sufficient to prove that the notice or document was properly addressed, stamped and put in the post. Any notice or other document left at a registered address otherwise than by post or sent by facsimile transmission or telex or other instantaneous means of transmission, shall be deemed to have been served or delivered when it was so left or sent.
                Regulation 115 of Table A shall not apply.

EXECUTION OF DOCUMENTS

32. The seal, if any, shall only be used by the authority of the Directors or of a committee of Directors authorised by the Directors. The Directors may determine who shall sign any instrument to which the seal is affixed and unless otherwise so determined it shall be signed by a Director and by the Secretary or by a second Director. Any document signed by a Director and the Secretary of the Company or by two Directors of the Company and expressed (in whatever form of words) to be executed by the Company has the same effect as if executed under the seal of the Company. A document shall only be so signed with the authority of a resolution of the Directors or a committee of the Directors. Regulation 101 of Table A shall not apply to the Company.

33. The Company may exercise the powers conferred by Section 39 of the Act with regard to having an official seal for use abroad, and such powers shall be vested in the directors.

**INDEMNITY**

34. Every director or other officer or auditor of the Company shall be indemnified out of the assets of the Company against all losses or liabilities which he may sustain or incur in or about the execution of the duties of his office or otherwise in relation thereto, including any liability incurred by him in defending any proceedings, whether civil or criminal, or in connection with any application under section 144 or section 727 of the Act in which relief is granted to him by the Court, and no director or other officer shall be liable for any loss, damage or misfortune which may happen to or be incurred by the Company in the execution of the duties of his office or in relation thereto. But this Article shall only have effect in so far as its provisions are not avoided by section 310 of the Act.

35. The directors shall have power to purchase and maintain for any director, officer or auditor of the Company insurance against any such liability as is referred to in section 310(1) of the Act.

36. Regulation 118 in Table A shall not apply to the Company.

**TRANSFERS OF SHARES**

37. The Directors may in their absolute discretion and without assigning any reason therefor, decline to register the transfer of a share, whether or not it is a fully paid share. The first sentence of Regulation 24 of Table A shall not apply to the Company.

```
PETER   JOHANSSON
SUITE 26
28 OLD BROMPTON ROAD
LONDON
SW7 3SS


Dated: Tuesday 11th May 2004
```