# Exhibit K

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION



FILED
U.S. DISTRICT COURT
EVANSVILLE DIVISION
2003 FEB 28  AM 10: 41
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 3:03-CV-0044 RLY - WGH |
| $438,035.52 WITHDRAWN FROM FIFTH THIRD BANK ACCOUNT NUMBER 1810008110, | ) ) ) ) |
| Defendant. | ) |

## COMPLAINT OF FORFEITURE IN REM

The United States of America, by counsel, Susan W. Brooks, United States Attorney for the Southern District of Indiana, and Winfield D. Ong, Assistant United States Attorney, alleges on information and belief as follows:

1. This is a civil action seeking forfeiture of the proceeds of violations of Title 18, United States Code, Sections 1341, 1343, 1344, 1956, and 1957, pursuant to Title 18, United States Code, Section 981. This Court has jurisdiction under Title 28, United States Code, Sections 1345 (district courts have original jurisdiction of all civil actions commenced by the United States) and 1355 (district courts have original jurisdiction of any action for forfeiture, and action can be brought in district in which any of the acts giving rise to the forfeiture occurred).

2. This Court is the appropriate venue in this matter pursuant to Title 28, United States Code, Section 1395(a) and (b), in that the forfeiture accrued in the Southern District of Indiana, and the defendant is now, and during the pendency of this action will be, found within the Southern District of Indiana.

3. The defendant is four hundred thirty-eight thousand, thirty-five dollars and fifty-two cents ($438,035.52) seized from Fifth Third Bank Account number 1810008110, the escrow account of Price and Associates, Attorneys at Law, in Evansville, Indiana, pursuant to a seizure warrant issued by this Court on September 19, 2002.

4. Title 18, United States Code, Section 1341 makes it a federal crime to use, or cause to be used, the Postal Service or a private or commercial carrier for the purpose of transporting any matter related to a scheme to defraud across state lines.

5. Title 18, United States Code, Section 1343 makes it a federal crime to transmit by interstate wire any writing, signs, signals, pictures or sounds for the purpose of executing a scheme to defraud.

6. Title 18, United States Code, Section 1344 makes it a federal crime to defraud a financial institution.

7. Title 18, United States Code, Section 1956, makes it a federal crime to conduct, or attempt to conduct, a financial transaction which involves the proceeds of a specified unlawful activity for the purpose of concealing or disguising the nature, location, source, ownership or control of the proceeds of the specified unlawful activity.

8. Title 18, United States Code, Section 1957 makes it a federal crime to engage in a monetary transaction in property of a value greater than $10,000 that is derived from a specified unlawful activity as defined in Section 1956.

9. Title 18, United States Code, Section 981(a)(1)(A), provides that any property involved in a transaction in violation of section 1956 [or] 1957 . . . of this title, or any property traceable to such property, is subject to forfeiture.

10. Title 18, United States Code, Section 981(a)(1)(C) provides that any property, real or personal, which constitutes or is derived from proceeds traceable to any offense constituting "specified unlawful activity" as defined in section 1956(c)(7), including violations of Title 18, United States Code, Sections 1341, 1343, 1344, 1956 and 1957, is subject to forfeiture to the United States.

11. David Price ("Price") is a resident of Santa Claus, Indiana. Price is an attorney-at-law, licensed to practice in the states of Indiana and Kentucky. Price is a partner in the law firms of Price & Collins, LLP and Price & Associates, and maintains offices in Santa Claus, Indiana and Evansville, Indiana.

12. The European-American International Bank & Trust Co. LTD (hereinafter referred to as "EAB") is an offshore bank licensed and regulated by Grenada, West Indies. EAB's charter was granted on July 15, 1999. The principal office is located on Upper Lucas Street, St. George's, Grenada, West Indies. Raymond S. Yusi, a citizen of the United States, is the Chief Executive Officer of EAB. David Price provides legal representation for EAB.

13. David Indy Chityal ("Chityal"), a Canadian, is an accountant for DNV Financial Corporation ("DNV"), located in Quebec, Canada. DNV was incorporated in St. George's, Grenada, West Indies on January 3, 2001. DNV is in the business of providing financial planning services and sells computer software programs that assist in this planning. Chityal is a client of EAB.

14. Sean Alexander Quinn ("Quinn"), aka Alex Sean McClaren, a British National living in Barbados, was recently charged by the Royal Barbados Police with allegations of money laundering involving a credit card scheme, as further described herein. Businesses associated with Quinn include the following: Capital Group (Barbados) Inc.; Capital Group

Management, Inc.; and New World International Investments Corporation. Quinn operates these businesses from an office located in St. Peter, Barbados. Quinn is a client of EAB.

15.  On April 10, 1996, David Price opened an escrow account with the Tell City National Bank, in Santa Claus, Indiana, account number 1810008110 (hereinafter referred to as "the Price Escrow Account"). The Price Escrow Account was opened in the name of "Price and Associates, Price and Collins, Attorneys at Law, Escrow Account...." After this account was opened, Fifth Third Bank, of Evansville, Indiana (hereinafter referred to as "Fifth Third"), purchased Tell City National Bank. The Price Escrow Account was transferred to Fifth Third, where it maintained the same account number.

16. On or about November 5, 2001, Price & Associates entered into a contractual relationship with Fifth Third whereby Fifth Third granted Price & Associates the ability to utilize direct wire transfer services with the Price Escrow Account. The contract was signed by David E. Price, as President of Price & Associates. This wire transfer program, known as "Fifth Third TransAct:PC," gave Price & Associates the "on-line" ability to view the current balance of the Price Escrow Account as well as the on-line ability to wire money out of the account and stop payments on checks. In addition to these services, David Price also signed up for an additional service called "Intraday." This allowed Price & Associates employees the ability to monitor incoming wire transfers and view the current balance in the account immediately.

17.  Sometime after obtaining its charter on July 15, 1999, the EAB established a "respondent bank" relationship with the Canadian Imperial Bank of Commerce of the West Indies (hereinafter referred to as "CIBCWI").

18. On August 14, 2001, the EAB transferred $172,624.73 from its operations account with CIBCWI to the Price Escrow Account. Also on August 14, 2001, EAB transferred $1,078,287.51 from its deposit account with CIBCWI to the Price Escrow Account. Subsequent to August 14, 2001, Price & Associates allowed significant sums of EAB money to be wire transferred into the Price Escrow Account, and caused significant amounts to be transferred out of the account, all at the direction of Ray Yusi and/or EAB employees.

19. On February 20, 2002, an FBI agent in Milwaukee, Wisconsin, contacted the FBI in the Southern District of Indiana and advised that an apparent victim of a telemarketing scheme in Milwaukee was attempting to wire transfer $62,000.00 to the Price Escrow Account.

20. In response to receiving this information, the FBI contacted a security officer for Fifth Third. The Bank advised that it had been monitoring the Price Escrow Account for the past few weeks because of unusually large wire transfers coming into and out of the account. Some of the wire transfers were in amounts of more than $1,000,000.00. Upon learning of the situation as reported by the FBI in Milwaukee, and another fraud situation originating out of Illinois linked to the Price Escrow Account, Fifth Third froze all activity in this account indefinitely. At the time that it was frozen, the account balance was $438,035.52. An interpleader action was filed in Vanderburgh County Superior Court, in Evansville, Indiana, with regard to these funds.

21. The funds that were being held pursuant to the interpleader action were seized by the United States under authority of a warrant issued by this Court. Administrative forfeiture proceedings were instituted by the Federal Bureau of Investigation, and David Price

submitted a claim to the subject funds.

22. After February 20, 2002, the FBI learned of various fraud schemes being conducted in Canada, the United States, and in Barbados, during 2001 and 2002, all having one thing in common: proceeds from each scheme flowed through the Price Escrow Account.

23. In one of the schemes, various victims in the United States were contacted by a person in Canada who identified himself as "Robert Morgan." Morgan would falsely tell the victim that he or she had won a substantial sum of money in a sweepstakes (the "Canadian Sweepstakes scheme"), but that the alleged winner was first required to pay various taxes before being able to collect the alleged winnings. The victims made numerous transfers of money to bank accounts in Canada, the United States and overseas, including the Price Escrow account, having been provided with the necessary transfer instructions by the perpetrator of the fraud.

24. After money that was fraudulently obtained through the Canadian Sweepstakes scheme was wired to the Price Escrow account, David Chityal, referred to above in Paragraph 13, gave instructions to EAB to transfer money from the Price Escrow account to the accounts of other entities with whom Chityal is associated.

25. The victims of the Canadian Sweepstakes scheme lost in excess of two million dollars, and the amount of money wired through the Price Escrow Account related to this one scheme totals at least $387,848.00.

26. In or about August of 2001, Sean Quinn, referred to above in Paragraph 14, began selling "credit counseling packages."

27. In or about this same time, Quinn entered into a relationship with the Canadian Imperial Bank of Commerce (hereinafter referred to as "CIBC"), in Canada, whereby the

CIBC agreed to process Quinn's sales drafts through a VISA account.

28. As a part of this relationship between Quinn and CIBC, CIBC required Quinn to conduct all of the sales of the credit counseling packages in person, and not over the telephone, in order to decrease the risk of fraud.

29. From early September, 2001, through late November, 2001, Quinn sold approximately 15,000 credit counseling packages, with CIBC processing approximately $2,743,000.00 in sales.

30. As of February of 2002, CIBC has had to refund approximately 40% of the money collected in this scheme. CIBC learned that Quinn violated the terms of his agreement with CIBC by selling most of the credit counseling packages over the telephone. CIBC further learned that many of the individuals wanting a refund never agreed to purchase the credit counseling package, and had never even received a sales pitch to purchase such a package.

31. The $2,743,000.00 processed by CIBC was deposited into an account maintained by Capital Group Barbados. Of this amount, $442,000.00 was wired into the Price Escrow Account.

32. Under Title 18, United States Code, Section 981, any property involved in a transaction or attempted transaction in violation of section 1956 or 1957 of Title 18, and any property constituting or derived from proceeds traceable to a violation of sections 1341, 1343, 1344, 1956 or 1957 of Title 18, shall be subject to forfeiture to the United States.

33. Based on the factual allegations set forth above, there is probable cause to believe that the defendant funds were involved in violations of Title 18, United States Code, Sections 1956 and 1957, and are the proceeds of violations of Title 18, United States Code, Sections 1341, 1343, 1344, 1956 and 1957, and are therefore, subject to forfeiture to the

United States of America pursuant to Title 18 United States Code, Section 981.

WHEREFORE, the United States of America prays that process of warrant in rem issue for the arrest of the defendant funds; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant funds be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper.

Respectfully submitted,

SUSAN W. BROOKS
United States Attorney

By: _____
Winfield D. Ong
Assistant United States Attorney

United States Attorney's Office
10 W. Market St.
Suite 2100
Indianapolis, Indiana 46204
Telephone: (317) 226-6333
Facsimile: (317) 226-6125

# VERIFICATION

STATE OF INDIANA        )
                        ) SS:
COUNTY OF MARION        )

I, Jan DeLancey being first duly sworn upon my oath depose and say that I am a Special Agent for the Internal Revenue Service, Criminal Investigation Division, that I make this Affidavit for and on behalf of the United States of America; and that the allegations in the foregoing Complaint for Forfeiture In Rem are true to the best of my knowledge and belief.

_____
Janet L. DeLancey, Special Agent
Internal Revenue Service


STATE OF INDIANA            )
                            ) SS:
COUNTY OF VANDERBURGH       )

Subscribed and sworn to before me, a Notary Public, this 24th day of February, 2003.

_____
Notary Public

My Commission Expires: July 8, 2008
County of Residence: Vanderburgh