# Exhibit L

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

```
FILED
U.S. DISTRICT COURT
EVANSVILLE DIVISION

2003 APR 25  AM 11: 42

SOUTHERN DISTRICT
    OF INDIANA
  LAURA A. BRIGGS
       CLERK
```

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Cause No. 3:03-CV-044 RLY-WGH |
| ) | |
| $438,035.52 WITHDRAWN FROM FIFTH ) | |
| THIRD BANK ACCOUNT NUMBER ) | |
| 1810008110, ) | |
| ) | |
| Defendant. ) | |

### VERIFIED STATEMENT OF INTEREST

COMES NOW, WORLDNET FIBER, LTD., (hereinafter "FIBER") pro se, pursuant to Title 28, United States Code, Rule C(6) of the Supplemental Rules of Certain Admiralty and Maritime Claims, and Title 18, United States Code, Section 983(a)(4)(A), and hereby files this, their Statement of Interest and of Right Against the Defendant Property, and in support of such would state the following:

1. On or about January 17, 2003, FIBER caused to be sold to Accessip, a California company, certain assets belonging to them, which are evidence on a Bill of Sale and Exhibit A thereto. (A copy of the Bill of Sale and accompanying exhibit A has been attached hereto the Movant's Exhibit "1").

2. As payment for the sale stated above, the undersigned had the purchaser, Accessip.net, wire transferred the total amount of Two Hundred Twenty Five Thousand U.S. dollars ($225,000.00) to the undersigned's account in European American International Bank and Trust Co. Ltd., in Grenada, Account Number 200011.

1

3. This wire transfer took place in four installments and in the following manner, to wit:

| | |
|---|---|
| January 23, 2002: | $50,000.00 |
| January 28, 2002: | $50,000.00 |
| January 30, 2002: | $75,000.00 |
| January 31, 2002: | $50,000.00 |

4. After having accepted the wired funds from the purchaser above, European American International Bank and Trust Co. Ltd., informed the undersigned that the wired funds were seized by the United States government in the matter at bar. Actually what has occurred is that the wired funds were intended for the undersigned's account in Grenada, however, prior to being sent on to the undersigned's account in Grenada by wire from the corresponding bank, which in this instance is Fifth Third Bank, the funds were seized and made a part of the current issues before this Court.

5. On March 1, 2002, European American International bank and trust Co. Ltd., clearly acknowledges the undersigned's deposits with said financial institution evidenced by a statement of account sent to the undersigned. (A copy of the statement has been attached hereto the Movant's Exhibit "2").

6. Due to the aforementioned facts, in this instance, the undersigned must be considered an "Innocent Owner" as the undersigned is not a party to this lawsuit and merely has a claim to the funds which have been seized.

7. The undersigned had and continues to have no knowledge of any conduct by or on the part of any party, which would give rise to any forfeiture.

8. Upon learning of the forfeiture, the undersigned did all that was reasonably necessary under the circumstances to prohibit any such conduct from

occurring in the future, despite the fact that he has no knowledge of any such current conduct.

9. Upon learning of this action, the undersigned, by and through counsel, contacted and gave notice to the law enforcement agency representing the Plaintiff in this cause, and forwarded all pertinent information regarding the undersigned's claim and lack of knowledge of conduct giving rise to forfeiture.

10. The undersigned has made a good faith effort to prohibit, discourage, and prevent such further conduct, as he has not made any subsequent monetary transfers to the European American International Bank and Trust Co. Ltd.

11. The undersigned would also aver that the property interest belonging to him as an "Innocent Owner" was acquired after the alleged conduct which gave rise to the forfeiture.

12. The undersigned is a Bona Fide seller for value, and has acquired his property interest as a direct result of the sale of merchandise.

13. At the time that the undersigned acquired his property interest, he did not know, and was reasonably without cause to believe that the property was subject to forfeiture.

14. The property interest held by the undersigned is not for any contraband or any other property that would be illegal to possess.

WHEREFORE, Worldnet Fiber, Ltd., prays that notice be given to all parties of the undersigned's claim, and that judgment be entered declaring the undersigned's funds not be forfeited to the United States, and that same be returned to the undersigned as Innocent

Owner thereof, and that the undersigned be granted any further relief that this Court deems just and proper.

For: Worldnet Fiber, Ltd.

By: _____
Nicholas Nolter, President
Appearing Pro Se

STATE OF FLORIDA   }
                   } ss:
COUNTY OF BROWARD  }

BEFORE ME, the undersigned authority, personally appeared NICHOLAS NOLTER, who is personally known by me, and who, after being first duly sworn, acknowledges that he has read the foregoing VERIFIED STATEMENT OF INTEREST, and that the same is true and correct.

SWORN TO AND SUBSCRIBED before me this 24th day of March, 2003.

_____
NOTARY PUBLIC, STATE OF FLORIDA

My Commission Expires:

LYNN WHETSTONE
Notary Public - State of Florida
My Commission Expires Aug 11, 2006
Commmission # DD133853
Bonded By National Notary Assn.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been forwarded to Winfield D. Ong., Esq., United States Attorney's Office, 10 W. Market Street, Suite 2100, Indianapolis, Indiana 46204, and by facsimile to (317) 226-6125, this 24th day of March, 2003.

For:  Worldnet Fiber, Ltd.

By: _____
Nicholas Nolter, President
Appearing Pro Se

# WorldNet Fiber.com

1299 East Commercial Boulevard   Fort Lauderdale, Florida 33334
Phone: 954.453.6000   800.400.0975   Fax: 954.453.6014

## BILL OF SALE

KNOW ALL MEN BY THESE PRESENTS, THE UNDERSIGNED, WorldNetFiber, Ltd, of Grenada , hereafter referred to as Seller, in consideration of Two hundred and twenty-five thousand dollars ($225,000.00) and other valuable consideration, receipt and sufficiency of which hereby are acknowledged, does hereby sell, bargain, quit-claim and otherwise transfer all of its right, title and interest in and to the assets set forth on Exhibit A, a copy of which is attached hereto and made a part hereof as if fully rewritten herein, to Accessip, of California, hereinafter referred to as Buyer.

Seller hereby warrants to Buyer that it possesses good and merchantable title to all the assets set forth on Exhibit A, and has the requisite power and authority to vest in Transferee such good and merchantable title.

Seller sells the products being sold hereunder to Buyer **AS IS WHERE IS.** Seller makes no warranties express or implied.

IN WITNESS WHEREOF, Transferor has caused this document to be executed on this _12_ day of January, 2002.

_____
Seller



http://www.worldnetfiber.com

# Exhibit A

| | |
|---|---|
| 1 | Cisco 7206 VXR #72629597, Serial V35 w/cables |
| 1 | Cisco 7206 VXR #72629596, multi-channel DS3 |
| 1 | Cisco 7206, VXR #72629612, hssi |

| | |
|---|---|
| 1 | Cisco Access Path Includes: |
| | 1   AS5300 VOIP-60 lines Quad E-1 Card #SCA0321MC |
| | 1   AS5300 VOIP-60 lines Quad E-1 Card #SCA032100GR |
| | 1   AS5300 VOIP-60 lines Quad E-1 Card #SCA032100FM |
| | 1   AS5300 VOIP-60 lines Quad E-1 Card #SCA032100FJ |
| | 1   AS5300 VOIP-60 lines Quad E-1 Card #SCA 032101LZ |
| | 1   AS5300 VOIP-60 lines Quad E-1 Card #SCA032100GP |
| | 1   AS5300 VOIP-60 lines Quad E-1 Card #SCA032101BJ |
| | 1   AS5300 VOIP-60 lines Quad E-1 Card #SCA032101M1 |
| | 1   AS5300 VOIP-60 lines Quad E-1 Card #SCA 032101BY |
| | 1   AS5300 VOIP-60 lines Quad E-1 Card #SCA032100FA |
| | 1   AS5300 VOIP-60 lines Quad E-1 Card #SCA032101MD |
| | 1   AS5300 VOIP-60 lines Quad E-1 PRI #SCA032101M3 |
| | 1   Cisco 7206 VXR #72642532, 2 fast Ethernet, 1 ether Switch 14 ports |
| | 1   Cisco 7206 VXR #72642485, 2 fast Ethernet, 1 serial v-35, 1 either switch 14 ports |
| | 1   Cisco 3640 ser. #364115059 |
| | 1   Cisco 3640 ser. #364114777 |
| | 1   Cisco switch 5202 ser. #SAA03230807 |

| | |
|---|---|
| 1 | Lucent Switch DNCP 400 #61157 |
| 1 | AS5800 4372 |
| | 2 cpu's |
| 1 | 192 lines voice cards |
| 1 | 7206 VXR CN3IHKOAAB |
| | 1 Dial Shelf Controller |
| | 1 Fast Ethernet |
| VCO4K/20 | #HAD04180005 |

**European-American International Bank & Trust Co. Ltd.**
**Account Number 200011**
All Transactions

03/01/02

| Date | Num | Name | Memo | Amount | Balance |
|---|---|---|---|---|---|
| **DEMAND DEPOSIT** | | | | | |
| **A/C # 200011** | | | | | |
| 1/23/2002 | DEP | Deposit | Initial Deposit | 50,000.00 | 50,000.00 |
| 1/23/2002 | | Bank Service Charge | Establishment of Account Fees | -2,000.00 | 48,000.00 |
| 1/23/2002 | | Bank Service Charge | Initial Deposit Fees | -250.00 | 47,750.00 |
| 1/28/2002 | DEP | Deposit | CBL to A/C 200011 | 50,000.00 | 97,750.00 |
| 1/28/2002 | SC | Bank Service Charge | Incoming Fees on USD 50000 | -85.00 | 97,665.00 |
| 1/30/2002 | DEP | Deposit | CBL to A/C 200011 | 75,000.00 | 172,665.00 |
| 1/30/2002 | SC | Bank Service Charge | Incoming Fees on USD 75000 | -85.00 | 172,580.00 |
| 1/31/2002 | DEP | Deposit | CBL to A/C 200011 | 50,000.00 | 222,580.00 |
| 1/31/2002 | SC | Bank Service Charge | Incoming Fees on USD 50000 | -85.00 | 222,495.00 |
| 2/1/2002 | WD | Cyber Bingo | CBL to Cyber Bingo | -50,000.00 | 172,495.00 |
| 2/1/2002 | SC | Bank Service Charge | Outgoing fees on US$50,000 | -125.00 | 172,370.00 |
| 2/5/2002 | WD | Brett Gambrill | CBL To Brett Gambrill | -5,000.00 | 167,370.00 |
| 2/5/2002 | WD | Casey C. Nolter | CBL to CAsey C. Nolter | -5,000.00 | 162,370.00 |
| 2/5/2002 | SC | Bank Service Charge | Outgoing fees on USD5,000 | -125.00 | 162,245.00 |
| 2/5/2002 | SC | Bank Service Charge | Outgoing fee on USD5,000 | -125.00 | 162,120.00 |
| 2/11/2002 | WD | Richard Williams | Attorney Fee re: preparation of Trust & IB... | -1,500.00 | 160,620.00 |
| 2/11/2002 | SC | E. A. I. B. & T. C. L. | Establishment of IBC | -1,000.00 | 159,620.00 |
| Total A/C # 200011 | | | | 159,620.00 | 159,620.00 |
| **Total DEMAND DEPOSIT** | | | | 159,620.00 | 159,620.00 |
| **TOTAL** | | | | 159,620.00 | 159,620.00 |

Page 1



# EUROPEAN AMERICAN INTERNATIONAL BANK & TRUST CO. LTD.



September 16, 2002

Mr. Eric Waraftig
Attorney-at-law
5811B North Andrews Way
Fort Lauderdale, Fla. 33309
U.S.A.

Dear Mr. Waraftig:

On the authorization of Mr. Nicholas Nolter, this is to confirm that European-American International Bank & Trust Co. Ltd. (EAB) performed the following services for your client, Worldnet Fibre Ltd/Nicholas Nolter as follows:

| | | |
|---|---|---|
| January 23, 2002 | Received wires | USD 50,000.00 |
| January 28, 2002 | Received wire | USD 75,000.00 |
| January 30, 2002 | Received wire | USD 50,000.00 |
| January 31, 2002 | Received wire | USD 50,000.00 |
| | Total | USD225,000.00 |

In addition, a total of USD60,000.00 was wired out, USD 2,500.00 was expended on legal and trustee fees and USD2,880.00 was expended on bank fees.

Currently, there is a balance of USD159,620.00 being held at our account with Fifth Third Bank in Indiana, U.S.A. In February, Fifth Third Bank froze our account at their bank including the USD159,620.00 that was for the credit of your client.

We have filed an action, which will be resumed on September 20, 2002 for the release of all of these funds. As I write this to you, we are told that our position is a strong one and that it's the expectation of our attorneys that the funds will be released on September 20. As soon as the funds are released, the bank will wire the remaining balance of USD159,620.00 less all bank fees to the client's requested destination.

Sincerely,

Raymond S. Yost
CEO/Chairman

Upper Lucas Street, P.O. Box 1032, St. George's, Grenada
TEL: (473) 440-4444 FAX: (473) 440-9642 / Email: info@euroambank.com

Auditors: Pannell Kerr Forster    Insurers: Lloyds of London
Attorneys: Lewis & Renwick (G'da) Price & Collins (USA)