UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――
                                            )
Online Payment Solutions Inc.,              )
                                            )
            Plaintiff                       )      Civil Action No. 07 CIV 8692 (PKL)
                                            )
      -against-                             )
                                            )
Svenska Handelsbanken AB,                   )
Peter Lars Johansson, Nicholas Nolter,      )
Eric Nolter aka Aryksin Noble,              )
Factor Europe UK Limited, DOES 1-10,        )
                                            )
            Defendants.                     )
―――――――――――――――――――――――――)


**SVENSKA HANDELSBANKEN AB'S SUPPLEMENTAL BRIEF
IN SUPPORT OF DISMISSAL ON GROUNDS OF *FORUM NON CONVENIENS*_**


White & Case LLP
1155 Avenue of the Americas
New York, New York 10036
*Attorneys for Defendant Svenska Handelsbanken AB*

## TABLE OF AUTHORITIES

LaSala v. Bank of Cyprus Pub. Co., 510 F. Supp. 2d 246 (S.D.N.Y. 2007) ...................2, 3

Schertenleib v. Traum, 589 F.2d 1156 (2d Cir. 1978)....................................................2, 3

Pursuant to this Court's September 10, 2008 order, Defendant Svenska Handelsbanken AB ("Svenska") respectfully submits this supplemental brief regarding the effect of a recently filed criminal proceeding in Sweden on Svenska's motion to dismiss on *forum non conveniens*. Svenska submits that the Swedish criminal proceeding strongly supports dismissal of this case in favor of Sweden.

## **INTRODUCTION**

Plaintiff Online Payment Solutions, Inc. ("OPS") filed a Complaint[1] alleging fraud and conversion against Svenska—a Swedish bank, Lars Peter Johansson ("Johansson")—a Swedish individual, his English company—Factor Europe U.K. Limited ("Factor Europe"), and two individuals located in Florida. (Svenska Br. at 1-4.) Plaintiff claims that money due to its assignor, ECS World ("ECS"), an English company, disappeared from Factor Europe's bank account at Svenska's London branch. (Svenska Br. at 3.)

In its motion to dismiss, Svenska argued, among other things, that this case should be dismissed on grounds of *forum non conveniens* because this dispute and the real plaintiff have no connection to New York. (Svenska Br. at 4-11; Svenska Reply at 1-7.) Rather, the locus of this action is in Sweden or, in the alternative, England. (Svenska Br. at 6-7.) In addition to the other *forum non conveniens* factors, Svenska showed that it and Plaintiff need Swedish documents and live testimony from multiple individuals located in Sweden to proceed with this case. (Svenska Br. at 6-7, 9-10.) As such, Svenska argued that the balance of interests tips decisively towards dismissal. (Svenska Br. at 4-11; Svenska Reply at 1-7.)

---

[1] The Complaint is cited throughout as "Compl." and is attached as Exhibit A to the Affirmation of Milana Salzman, filed Dec. 21, 2007. The Memorandum of Law in Support of Defendant Svenska's Motion to Dismiss ("Svenska Br.") was filed Dec. 21, 2007 and Svenska's Reply Memorandum of Law in Support of its Motion to Dismiss ("Svenska Reply") was filed Apr. 9, 2008.

## RECENT CRIMINAL PROCEEDING IN SWEDEN

On August 11, 2008, the District Attorney in Stockholm filed criminal charges against Johansson for fraudulent activities related to Factor Europe and other companies. (Schultz Decl. ¶ 3 & Ex. A at 4.) The application for a summons alleges that Johansson ran a money laundering scheme using Factor Europe, violating Swedish laws and defrauding the Swedish authorities. (Schultz Decl. Ex. A at 4, 6.)

The summons application demonstrates that the Swedish Economic Crimes Bureau has been investigating the matter since 2006. (Schultz Decl. Ex. A at 1; see also Compl. ¶ 37 (alleging that the Swedish Economics Crime Bureau is investigating).) The evidence file supporting the charges is located in Stockholm, Sweden and contains approximately 5,000 pages—much of which is in Swedish. (Schultz Decl. ¶ 4.)

## ARGUMENT

It is well-established that ongoing foreign criminal proceedings are relevant to the court's *forum non conveniens* analysis. See e.g., Schertenleib v. Traum, 589 F.2d 1156, 1165 (2d Cir. 1978); LaSala v. Bank of Cyprus Pub. Co., 510 F. Supp. 2d 246, 262 (S.D.N.Y. 2007). Pending foreign proceedings establish the interests of another jurisdiction in resolving a case, and can weigh heavily on the balancing of private and public interest factors. Schertenleib, 589 F.2d at 1165 (balancing private factors in favor of dismissal due, in part, to ongoing related cases in Switzerland); LaSala, 510 F. Supp. 2d at 261-62 (ongoing foreign prosecution of the bank's alleged co-conspirators was evidence that Cyprus had a greater public interest in the case).

In LaSala, as here, the plaintiff sued a bank for allegedly facilitating a fraudulent scheme to loot the plaintiff's assets. 510 F. Supp. 2d at 250-53. Judge Haight held that public interests pointed to Cyprus as the proper forum because the government of Cyprus was already

prosecuting co-conspirators of the person that had a relationship with the bank. LaSala, 510 F. Supp. 2d at 262, 267 (dismissing in favor of Cyprus). In Schertenleib, the Second Circuit dismissed the case on *forum non conveniens*, in part, because the defendant's criminal status in Switzerland prevented him from testifying live in the U.S. 589 F.2d at 1165.

Here, Plaintiff claims that ECS' merchants' money disappeared from Factor Europe's account while Johansson was in charge. (Compl. ¶ 42.) Now, the Swedish government has initiated a criminal case against Johansson for money laundering relating to Factor Europe— making clear its interest in addressing this case. (Schultz Decl. Ex. A at 4.) The Swedish summons application indicates that the District Attorney has information on Factor Europe's transactions. (Schultz Decl. Ex. A at 4, 6.) Indeed, the Swedish Economic Crimes Bureau in Stockholm has collected approximately 5,000 pages of evidence. (Schultz Decl. ¶ 4.)

Plaintiff will need this evidence to make out *its* case against Johansson and Factor Europe. (Svenska Br. at 14, 17 (Plaintiff is required to establish causation); Svenska Reply at 6 (Plaintiff will need many foreign witnesses).) Svenska will also require the Swedish documents and testimony in order to vindicate itself. (Svenska Br. at 9-10; Svenska Reply at 5-6.) As set forth in Svenska's motion to dismiss, Svenska also has a strong interest in defending itself through live testimony available in Sweden. (Svenska Br. at 9-10; Svenska Reply at 5-6.)

As compared to New York, where none of the relevant events occurred, Sweden has now indisputably asserted its interest in Johansson's activities, including his actions through Factor Europe in London. Thus, the Swedish criminal proceeding further supports the dismissal of this case for *forum non conveniens* in favor or Sweden. (Svenska Br. at 4-11; Svenska Reply at 1-7.)

**CONCLUSION**

Svenska respectfully requests that this Court consider the Swedish criminal proceeding in evaluating Svenska's *forum non conveniens* motion, and that this Court grant the motion to dismiss the Complaint in its entirety.

Respectfully submitted,

Dated: New York, New York  　　　　　WHITE & CASE LLP
　　　　September 10, 2008

By: ‎ /s/ Owen C. Pell
　　Owen C. Pell (OP-0118)
　　Milana Salzman (MS-0401)
　　Rebecca M. Bodony (RB-2246)
　　1155 Avenue of the Americas
　　New York, New York 10036
　　(212) 819-8200
　　*Attorneys for Defendant*
　　*Svenska Handelsbanken AB*

4